

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4254 | **DATE** | 10/2/2002 |
| **CASE TITLE** | Forbes vs. Perryman, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 10/11/02 at 10:15 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying government's motion to dismiss.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2US number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | OCT 3 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 9 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10/2/2002 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |


OCT - 3 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINCOLN FORBES, | ) |
|         Petitioner, | ) |
| v. | ) |
| BRIAN PERRYMAN, District Director of the Immigration and Naturalization Service, the UNITED STATES OF AMERICA, and JOHN ASHCROFT, Attorney General of the United States, | ) No. 02 C 4254 |
|         Respondents. | ) |

**MEMORANDUM OPINION AND ORDER**

Lincoln Forbes is in custody of the Immigration and Naturalization Service ("INS") pending the administrative appeal of an order of removal. He claims that the denial of release on bond pending his appeal violates his substantive and procedural due process rights, and he seeks a writ of *habeas corpus*. The government has not answered the petition, but moves to dismiss it for failure to state a claim. I deny the motion.

I.

Mr. Forbes is a native of Jamaica, but he has lived in the United States since 1967 and he is a legal permanent resident alien. He has five children, four in the Chicago, Illinois, area, and two grandchildren, all of whom are United States citizens. His father is also a United States citizen residing in the Chicago area. He is active in his church and, until his current detention, was steadily employed by a limousine company.

In 1995, Mr. Forbes was convicted of unlawful delivery of cannabis and was sentenced to a twenty-four month term of probation. In November 2001, he left the United States briefly and on his return discovered that his green card had expired. He was paroled into the United States and voluntarily went to the INS to renew his green card, where he was told to return at a later date so that his background investigation could be completed. When he returned on the designated date, he was taken into custody and removal proceedings were commenced against him.

On June 10, 2002, Mr. Forbes was found removable by an Immigration Judge. He was denied bond on the grounds that it is not permitted by § 236(c) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c). Mr. Forbes is appealing the order of removal to the Board of Immigration Appeals, and he seeks a writ of *habeas corpus* on the grounds that the categorical denial of bond pending his appeal is unconstitutional. Mr. Forbes acknowledges that he has no absolute right to release on bond, and he does not ask me to grant him release; he asks only that I order the INS to grant him an individualized bond hearing.

II.

Although § 1226(e) bars judicial review of discretionary detention decisions under § 1226, I have jurisdiction under 42 U.S.C. § 2241 over challenges to the constitutionality of the statute. *Parra v. Perryman*, 172 F.3d 954, 957 (7th Cir. 1999); *see*

*also INS v. St. Cyr*, 533 U.S. 289, 314 (2001) (concluding that jurisdiction under § 2241 was not repealed by AEDPA or IIRIRA). Although *habeas* petitioners must ordinarily exhaust their administrative remedies before seeking review of a deportation order, *see* 8 U.S.C. § 1252(d)(1), *Singh v. Reno*, 182 F.3d 504, 511 (7th Cir. 1999), I may waive the exhaustion requirement where the petition raises constitutional issues over which the administrative agency lacks final authority, *see McCarthy v. Madigan*, 503 U.S. 140, 148 (1992). I do so here.

Section 1226(c) was part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Div. C of Pub. L. 104-208, 110 Stat. 3009-546. Section 1226(c)(1)(A) states that "[t]he Attorney General shall take into custody any alien who is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title." Section 1182(a)(2) states that aliens are inadmissible based on conviction of certain crimes, including a crime involving moral turpitude, or a violation of any state, federal or foreign law or regulation relating to a controlled substance. *See* 8 U.S.C. § 1182(a)(2)(A)(i). Release of an alien detained under § 1226(c)(1) is allowed only if necessary under the witness protection program. *See* 8 U.S.C. § 1226(c)(2).

The Seventh Circuit was the first Court of Appeals to consider the constitutionality of detention without the possibility of bail under § 1226(c). In *Parra v. Perryman*, 172 F.3d 954 (7th Cir.

1999), the court held that § 1226(c) was constitutional as applied to an alien who conceded that he was removable because of his criminal conviction. The court stated that:

> Persons subject to § 1226(c) have forfeited any legal entitlement to remain in the United States and have little hope of clemency. . . . Before the IIRIRA bail was available to persons in Parra's position as a corollary to the possibility of discretionary relief from deportation; now that this possibility is so remote, so too is any reason for release pending removal. Parra's legal right to remain in the United States has come to an end. An alien in Parra's position can withdraw his defense of the removal proceeding and return to his native land, thus ending his detention immediately. He has the keys in his pocket. A criminal alien who insists on postponing the inevitable has no constitutional right to remain at large during the ensuing delay, and the United States has a powerful interest in maintaining the detention in order to ensure that removal actually occurs.

*Parra*, 172 F.3d at 958. Applying the balancing test of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the Seventh Circuit concluded that:

> [t]he private interest here is not liberty in the abstract, but liberty in the United States by someone no longer entitled to remain in this country but eligible to live at liberty in his native land; the probability of error is zero when the alien concedes all elements that require removal (as Parra has done); and the public interest is substantial given the high flight rate of those released on bail.

*Parra*, 172 F.3d at 958. The court noted, however, that:

> it is easy to imagine cases--for example, claims by persons detained under § 1226(c) who say that they are citizens rather than aliens, who contend that they have not been convicted of one of the felonies that authorizes removal, or who are detained indefinitely because the nations of which they are citizens will not take them back--in which [habeas relief] may be appropriate.

*Id.* at 957.

4

Every Court of Appeals to consider the question since *Parra* has disagreed with the Seventh Circuit. *See Welch v. Ashcroft*, 293 F.3d 213, 224-25 (4th Cir. 2002) (holding that § 1226(c) is facially valid but unconstitutional as applied to lawful permanent resident alien against whom no removal order was pending and who was eligible to apply for cancellation of removal under 8 U.S.C. § 1229b(a)); *Hoang v. Comfort*, 282 F.3d 1247, 1255-56 (10th Cir. 2002), *petition for cert. filed*, 70 U.S.L.W. 3698 (U.S. May 3, 2002) (No. 01-1616) (holding that § 1226(c) is unconstitutional as applied to lawful permanent resident aliens); *Kim v. Ziglar*, 276 F.3d 523, 537 (9th Cir. 2002), *cert. granted*, 122 S.Ct. 2696 (U.S. June 28, 2002) (No. 01-1491) (holding that § 1226(c) is facially constitutional but invalid as applied to lawful permanent resident alien who raised potential defenses to removal); *Patel v. Zemski*, 275 F.3d 299, 313 (3d Cir. 2001) (holding that § 1226(c) is unconstitutional as applied to lawful permanent resident alien convicted of non-violent crime with strong ties to community).

Each of these cases relied on an intervening decision of the Supreme Court to explain its departure from the Seventh Circuit's approach in *Parra*. In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court considered whether indefinite imprisonment of aliens subject to a final order of removal but whose native country would not accept them was constitutional. The Court avoided explicitly reaching the constitutional question by reading a presumptive six-

month limitation into 8 U.S.C. § 1231(a)(6). *Id.* at 696-701. Nonetheless, the Court noted that the government's justification of preventing flight and protecting the community did not justify unlimited detention. *Id.* at 690-93. The Court distinguished aliens seeking entry from resident aliens and concluded that "the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

The *Zadvydas* Court also rejected the government's argument that aliens' liberty interest is diminished by "their lack of a legal right to 'live at large in this country,'" stating that "[t]he choice, however, is not between imprisonment and the alien 'living at large.' It is between imprisonment and supervision under release conditions that may not be violated." *Id.* at 696. The Court stated that "an alien's liberty interest is, at the least, strong enough to raise a serious question as to whether, irrespective of the procedures used, the Constitution permits detention that is indefinite and potentially permanent." *Id.* The other Courts of Appeals relied on this language to distinguish the Seventh Circuit's holding that "[t]he private interest here is not liberty in the abstract, but liberty in the United States by someone no longer entitled to remain in this country but eligible to live at liberty in his native land." *Parra*, 172 F.3d at 958.

Mr. Forbes asks me to apply the reasoning of *Zadvydas*, rather than *Parra*, to this case. *Zadvydas* involved the application of different facts, *i.e.*, indefinite confinement, under a different statute, so its effect on *Parra* is unclear, and the Seventh Circuit has not had occasion to consider the impact of *Zadvydas* on *Parra*. I need not consider the overall vitality of *Parra*, however, because I find that it is distinguishable from Mr. Forbes' case. The court left open the possibility of *habeas* relief for detainees who contested their status as aliens or criminals, or who faced indefinite detention because their native country would not take them back. 172 F.3d at 957. The facts that the petitioner in *Parra* conceded removability and "d[id] not even hint at a substantive argument that he is entitled to remain in the United States" and that he had "little hope of clemency" were central to the Seventh Circuit's conclusion that an individualized bail hearing was not necessary to comport with due process. 172 F.3d at 956, 958.

Several courts in this district have distinguished *Parra* in cases where the petitioner has a good faith basis for contesting removability. *See Gill v. Ashcroft*, No. 01 C 9879, 2002 WL 1163729, at *6 (N.D. Ill. May 31, 2002) (Nordberg, J.), *appeal docketed*, No. 02-2918 (7th Cir. July 25, 2002) (finding § 1226(c) invalid as applied to legal permanent resident who contests his removability in good faith); *Vang v. Ashcroft*, 149 F. Supp. 2d 1027, 1036 (N.D. Ill. 2001) (Pallmeyer, J.) (same); *see also Yanez v. Holder*, 149 F.

7

Supp. 2d 485, 492-94 (N.D. Ill. 2001) (Darrah, J.) (distinguishing *Parra* and holding that it does not bar review of constitutional claim by petitioners who had good faith defenses to removal, but holding that § 1226(c) was constitutional as applied to petitioners because of slight chance of success). One court has rejected this distinction, stating that "[a]llowing a petitioner . . . to baldly deny his status as an aggravated felon and his removability would render the *Parra* decision a meaningless academic hypothetical." *Kahn v. Perryman*, No. 00 C 3398, 2000 WL 1053962, at *1 (N.D. Ill. July 31, 2000) (Marovich, J.). However, in that case, the court held that the petitioner's basis for denying removal was "completely without merit," and that, like the petitioner in *Parra*, Kahn was only "postponing the inevitable." *Id.* at *2.

Here, like the petitioner in *Parra*, Mr. Forbes admits to his status as an alien and admits that he was convicted of distribution of cannabis. However, he denies that he is removable and says that he seeks relief under *INS v. St. Cyr*, 533 U.S. 289, 326 (2001) (holding that provisions of AEDPA and IIRIRA repealing discretionary relief from removal under 8 U.S.C. § 1182(c) do not apply retroactively to aliens who pleaded guilty to possession of controlled substances prior to enactment of amendments). In *Parra*, removal was a virtual certainty. *See* 172 F.3d at 956, 958.[1] *Cf.*

---

[1] *St. Cyr* therefore overruled the portion of *Parra* in which the court held that "[o]ne line of argument that cannot be made at any time, in any court, is that a person with a conviction for an

8

*Kim*, 276 F.3d at 531 (noting that *St. Cyr* provides a significant defense to removability for a "large category of aliens removable because of an aggravated felony"). Mr. Forbes does not provide any further information about his appeal before the Board of Immigration Appeals, so I cannot determine on the record before me whether his claims against removability are in good faith or are frivolous. As a legal permanent resident, Mr. Forbes has a right to remain in the United States until a final order of removal is issued, *see* 8 C.F.R. § 1.1(p) (stating that lawful permanent resident status terminates upon entry of a final administrative order of removal), and he may be entitled to discretionary relief from removal under *St. Cyr*. Without more information about the likelihood of his release, it is premature to conclude, as a matter of law, that Mr. Forbes' detention without any hope of bail does not violate due process, so I DENY the government's motion to dismiss.

**ENTER ORDER:**

*[signature: Elaine E. Bucklo]*

**Elaine E. Bucklo**
United States District Judge

Dated: October 2, 2002

---

aggravated felony is entitled to discretionary relief permitting him to remain in the United States." 172 F.3d at 956.