# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4254 | **DATE** | 2/14/2003 |
| **CASE TITLE** | Forbes vs. Perryman, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting the petitioner's petition for a writ of habeas corpus. The Immigration and Naturalization Service shall, therefore, provide the petitioner with an individualized bond hearing within two weeks. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2US number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | FEB | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | 20 |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 2/14/2003 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FEB 2003

LINCOLN FORBES,

    Plaintiff,

v.

BRIAN PERRYMAN, District Director of
the Immigration and Naturalization
Service, the UNITED STATES OF
AMERICA, and JOHN ASHCROFT, Attorney
General of the United States,

    Respondents.

No. 02 C 4254

## MEMORANDUM OPINION AND ORDER

Lincoln Forbes is in the custody of the Immigration and Naturalization Service ("INS") pending the administrative appeal of an order of removal. He claims that the denial of the possibility of release on bond pending his appeal violates his substantive and procedural due process rights, and he seeks a writ of *habeas corpus*. I grant the petition.

I.

The facts, as stated in my previous opinion denying the government's motion to dismiss, are as follows. Mr. Forbes is a native of Jamaica, but he has lived in the United States since 1967 and is a legal permanent resident alien. He has five children, four in the Chicago area, and two grandchildren, all of whom are United States citizens. His father is also a United States citizen residing in the Chicago area. He is active in his church and, until

20

his current detention, was steadily employed by a limousine company.

In 1995, Mr. Forbes was convicted of unlawful delivery of cannabis and was sentenced to a twenty-four month term of probation. In November 2001, he left the United States briefly and on his return discovered that his green card had expired. He was paroled into the United States and voluntarily went to the INS to renew his green card, where he was told to return at a later date so that his background investigation could be completed. When he returned on the designated date, he was taken into custody and removal proceedings were commenced against him.

On June 10, 2002, Mr. Forbes was found removable by an Immigration Judge. He was denied bond on the grounds that it is not permitted by § 236(c) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c). Mr. Forbes is appealing the order of removal to the Board of Immigration Appeals, and he seeks a writ of *habeas corpus* on the grounds that the categorical denial of bond pending his appeal is unconstitutional. Mr. Forbes acknowledges that he has no absolute right to release on bond, and he does not ask me to grant him release; he asks only that I order the INS to grant him an individualized bond hearing.

II.

My order denying respondents' motion to dismiss contains a thorough discussion of the law in this area. To review, the Seventh

Circuit has upheld the constitutionality of § 1226(c) as applied to the case of a prisoner who conceded his removability. *Parra v. Perryman*, 172 F.3d 954, 958 (7th Cir. 1999). However, several more recent district court cases have held that the statute is unconstitutional as applied to prisoners who have a good-faith claim that they will ultimately be permitted to remain in the country. *See Bonsol v. Perryman*, No. 02-C6530, 2003 U.S. Dist. LEXIS 82, at *11 (N.D. Ill. Jan. 3, 2003) (Castillo, J.) (finding § 1226(c) invalid as applied to legal permanent resident who contests his removability in good faith); *Gill v. Ashcroft*, No. 01 C 9879, 2002 WL 1163729, at *6 (N.D. Ill. May 31, 2002) (Nordberg, J.) (same); *Vang v. Ashcroft*, 149 F. Supp. 2d 1027, 1036 (N.D. Ill. 2001) (Pallmeyer, J.) (same); *see also Yanez v. Holder*, 149 F. Supp. 2d 485, 492-94 (N.D. Ill. 2001) (Darrah, J.) (distinguishing *Parra* and holding that it does not bar review of constitutional claim by petitioners who had good faith defenses to removal, but holding that § 1226(c) was constitutional as applied to petitioners because of slight chance of success).

The central question thus becomes whether Mr. Forbes has a good-faith defense to removal. Mr. Forbes has submitted the affidavit of his attorney, Tom Swift, attesting that Mr. Forbes was erroneously denied the opportunity to file for relief under § 212(c) of the Immigration and Nationality Act as allowed by *INS v. St. Cyr*, 533 U.S. 289, 329 (2001) (holding that provisions of the

3

Illegal Immigration Reform and Immigrant Responsibility Act of 1996 repealing discretionary relief from removal do not apply retroactively to aliens who pleaded guilty to possession of controlled substances prior to the enactment of the statute). Mr. Forbes has also submitted the brief filed on his behalf before the Board of Immigration affairs, appealing the Immigration Judge's order of removal.

These materials appear to present a plausible claim that Mr. Forbes may be exempt from removal under *St. Cyr*. As there has been no response from the government contesting the accuracy of these documents, I conclude that Mr. Forbes has a good-faith defense to removal. Thus, *Parra* may be distinguished, and I am persuaded by the reasoning of Judge Castillo in *Bonsol* that § 1226(c) is unconstitutional as applied to individuals who, like Mr. Forbes, have a good-faith defense to removal. The Fifth Amendment's guarantee of due process protects both citizens and lawful permanent residents of the United States. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The government may not interfere with the fundamental liberty interests of an individual, such as his interest in physical freedom, unless its actions are narrowly tailored to meet a compelling state interest. *Reno v. Flores*, 507 U.S. 292, 301-02 (1993). The governmental interest at stake in detaining Mr. Forbes without a bond hearing is "(1) protecting the public from potentially dangerous criminal aliens; (2) preventing

aliens from absconding during criminal proceedings; (3) correcting procedures under which twenty percent of criminal aliens released on bond did not report for deportation hearings; and (4) restoring public faith in the immigration system." *Vang* at 1037. But as Judge Castillo wrote in *Bonsol*:

> Mandatory detention...is not narrowly tailored to that objective. . . .It does not account for the severity of the criminal offense at issue, the detainee's alien status, his ties to the community versus his risk of flight, or any other factor that is otherwise determinative according to Congress' stated reasons for the mandatory detention provision. . . . Moreover, the relief sought in this case - an individualized bond hearing - does not in any way infringe on the political branches' plenary power with respect to immigration issues; . . .our ruling simply accords detainees the opportunity to establish that detention pending removal is not warranted in their case.

*Bonsol* at *6. Accordingly, I find that Mr. Forbes is entitled to an individualized bond hearing, and I order the Immigration and Naturalization Service to provide him with such a hearing within two weeks.

The petition for a writ of habeas corpus is GRANTED.

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated: February 14, 2003

5